UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN YARBER, | No. 2:15-cv-1973 AC P |
| Petitioner, | |
| v. | ORDER |
| PLACER COUNTY SUPERIOR COURT, | |
| Respondent.[1] | |

Petitioner is a state prisoner at the California City Correctional Facility, challenging his September 2014 conviction and sentence for violation of California Penal Code section 273.5 (corporal injury to a spouse or cohabitant) in the Placer County Superior Court. Petitioner proceeds pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and request to proceed in forma pauperis. Petitioner has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), and Local Rule 305(a). See ECF No. 5.

Examination of the in forma pauperis application reveals that petitioner is unable to afford

---

[1] A federal petition for writ of habeas corpus must name as respondent the state officer having custody of the petitioner. See 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Accordingly, David B. Long, Warden of the California City Correctional Facility, is substituted as respondent herein.

1

the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Review of the instant petition demonstrates that petitioner is challenging his conviction and sentence on the grounds that:  (1) his public defender, John Mustapha, provided ineffective assistance of counsel, apparently in recommending that petitioner enter a plea of nolo contendere; and (2) the Placer County Superior Court Reporter, Tiffany Huffman, assigned to petitioner's court proceedings had a conflict of interest because she is the sister of petitioner's cohabitant ("the victim in my case").  The petition asserts claims of "conflict of interest/deliberate indifference/Eighth Amendment," ECF No. 1 at 4, and racial profiling, id. at 5.  Petitioner has also sought to pursue these matters in other cases filed in this court.[2]

Review of the petition also demonstrates that it is wholly unexhausted in the state courts.  See ECF No. 1 at 6.  The exhaustion of available state remedies is a prerequisite to the federal court exercising jurisdiction over a federal habeas petition.  See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all of his claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

---

[2]  This court may take judicial notice of its own records and the records of other courts.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).  In Yarber v. Superior Court of Placer County, Case No. 2:14-cv-00846 DAD P, petitioner alleged due process violations by the superior court and ineffective assistance of counsel.  The case was dismissed without prejudice, under the Younger abstention doctrine, see Younger v. Harris, 401 U.S. 37 (1971), because filed during the pendency of petitioner's state criminal proceedings.  In Yarber v. Mustapha et al., Case No. 2:15-cv-01972 CKD P, petitioner is currently pursuing a civil rights complaint against defendants Mustapha and Huffman.

2

When presented with a wholly unexhausted federal habeas corpus petition, a federal district court must dismiss the petition. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (completely unexhausted petition must be dismissed without prejudice). Petitioner must exhaust his claims in the California Supreme Court before bringing them in federal court.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis, ECF No. 4, is granted;

2. Petitioner's petition for writ of habeas corpus, ECF No. 1, is dismissed without prejudice because fully unexhausted, see Rule 4, Rules Governing § 2254 Cases;

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

4. The Clerk of Court is directed to close this case.

DATED: September 30, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE